### TRAVIS PLACER MIN. CO. v. MILLS.

(Circuit Court of Appeals, Ninth Circuit. May 8, 1899.)

#### No. 503.

WATER COURSES—USE OF WATER FOR MINING PURPOSES—ENJOINING POLLUTION.
   A company having the right to use the waters of a stream for placer mining cannot complain of an injunction restraining it from so using them as to render them unfit for use in supplying the inhabitants of a city for domestic purposes, where the injunction does not interfere with defendant's use in its ordinary and accustomed manner.

Appeal from the Circuit Court of the United States for the District of Montana.

Toole, Bach & Toole and Shober & Rasch, for appellant.
Clayberg, Corbett & Gunn, for appellee.

Before GILBERT and ROSS, Circuit Judges, and HAWLEY, District Judge.

ROSS, Circuit Judge. This was a suit in equity, by which the complainant sought to enjoin the defendant placer-mining company the appellant here, "from in any manner or to any extent fouling muddying, polluting, or discoloring the waters of Ten Mile creek, which flow down to the place where the same are diverted into the water plant and system operated by your orator during the time it is necessary for your orator to use said water for furnishing the

city of Helena and its inhabitants with water." The decree of the court from which the appeal is taken enjoins the defendant company and all persons acting for or under it "from conducting placer-mining operations on Ten Mile creek, in Lewis and Clarke county, state of Montana, in such a manner as to foul, pollute, or muddy the waters of said Ten Mile creek at the place of diversion into the water plant and system now operated by complainant, between the fifteenth day of July of each year and the tenth day of April of the succeeding year, so as to prevent the plaintiff from obtaining water suitable for domestic purposes and reasonably pure and wholesome from said creek."

An examination of the evidence shows that, in respect to the merits of the case, there is no substantial conflict in it. It shows that in the year 1864 certain of the waters of Ten Mile creek were appropriated and diverted at a point in Lewis and Clarke county, Mont., by the predecessors in interest of the Helena Consolidated Water Company, of which the appellee is the duly appointed, qualified, and acting receiver. That appropriation was for placer-mining purposes. During the next year (that is to say, in 1865) certain other of the waters of the same creek were appropriated by the predecessors in interest of the appellant for the working of placer-mining claims situated on and along Ten Mile creek, and have been continuously used for that purpose ever since by the appellant and its predecessors in interest. Many years after the appropriation under which the appellant claims was made, the appellee changed the use of the water appropriated by its predecessors in interest from that of mining to domestic purposes, and also changed the point of its diversion from the creek in question. That neither such subsequent change of use, nor of the place of diversion, could prejudice or in any wise affect the appropriation, or proper use thereunder, of the waters of the creek by the appellant and its predecessors in interest, is too well settled to require the citation of authorities. In the use of the waters appropriated by the appellant and its predecessors in interest certain reservoirs were and are employed for the storage of the waters, from which the water is discharged as required in the operation of mining. The evidence in the case shows that the appropriation and use of the waters of Ten Mile creek by the appellant never worked any diminution in the quantity, or injury to the quality, of the waters thereof diverted and used by the appellee, except for three days during the year 1897, to wit, August 18th, 19th, and 20th. The evidence shows that during those three days the appellant discharged from one of its reservoirs a very much larger quantity of the waters of the creek than it was accustomed to discharge, resulting in so befouling the remaining waters of the creek as to render them, at the place of diversion by the appellee, unfit for domestic use. This unusual and unaccustomed use of the waters of the creek by the appellant was not only without legal right, but there is some evidence in the record tending to show that it was done with the design of compelling the appellee to purchase of the appellant its right in and to the waters of the creek in question. Whether, if the appeal had been brought by the complainant, the decree could be

held sufficiently definite to sustain it, need not be determined. The decree does not purport to prevent the use of the waters of the creek by the appellant in its accustomed manner, which the evidence shows, without conflict, results in no injury to the remaining waters at the place at which, and for the purpose for which, the appellee diverts and uses them. We are of opinion that the appellant has no just cause to complain of the decree as entered, and it is therefore affirmed.